# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TERRANCE DEON JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 04-CV-0831-CVE-PJC** |
| | ) | |
| **BOARD OF COUNTY** | ) | |
| **COMMISSIONERS OF THE** | ) | |
| **COUNTY OF NOWATA, and** | ) | |
| **DEPUTY KENNY FREEMAN,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is the Motion for Summary Judgment and Brief in Support (Dkt. # 15) filed by defendant Board of County Commissioners of the County of Nowata ("Board"). Plaintiff, Terrance Deon Johnson ("Johnson"), brings this action pursuant to 42 U.S.C. § 1983, claiming that the Board, through the acts of police deputy, Kenny Freeman, violated his constitutional rights. Plaintiff also seeks to hold the Board liable under the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Sta. tit. 51, § 153, for the state tort of false arrest.

### I.

This action arises out a traffic stop that resulted in plaintiff's arrest on November 13, 2003. Deputy Kenny Freeman ("Deputy Freeman") stopped a vehicle in which Johnson was a passenger after the driver of the vehicle failed to come to a complete stop at a stop sign. Upon approaching the vehicle, Deputy Freeman detected a strong odor of cologne inside the stopped car. He asked the driver, Patrick Jones ("Jones"), to step out of the car and accompany Deputy Freeman to his patrol car so that he could issue Jones a citation. Deputy Freeman's suspicions were initially raised by the behavior of Jones, who insisted he had done nothing wrong, displayed signs of nervousness, and

backed away from Deputy Freeman, even after he was assured he was only receiving a traffic citation.  Suspicions aroused, Deputy Freeman informed Jones that he was going to have a drug-sniffing dog circle the car and proceeded to do so.  The dog alerted the officer to the presence of drugs at three different locations within the vehicle.  Deputy Freeman then asked Johnson to step out of the car.  When Johnson exited the vehicle, Deputy Freeman noticed that Johnson was unsteady on his feet and detected the smell of an intoxicating beverage coming from Johnson.  Deputy Freeman requested permission to search Johnson's person, and Johnson consented to the search.  Upon completing the search, Deputy Freeman directed Johnson to go to the front of the deputy's patrol car.  He observed that Johnson had difficulty walking to the front of the patrol car.  While conducting an interior search of the car, Deputy Freeman discovered seeds, stems, and residue, which he identified as parts of a marijuana plant.  Deputy Freeman also found a "blunt" cigar, still warm, in the ashtray of the vehicle.  Based on previous experience and the other items in the car, Deputy Freeman concluded that the blunt cigar had likely been used to smoke marijuana.  Deputy Freeman also testified that he found a bottle of alcohol inside the car.  Deputy Freeman placed both Johnson and Jones under arrest.  The offense reports filed with the Nowata Sheriff's Office state that Johnson was arrested for public intoxication and possession of marijuana.

Johnson  originally filed this action in the District Court for Nowata County, Oklahoma.  He alleges that Deputy Freeman arrested him without probable cause and with malice and reckless disregard for his civil rights, in violation of both state and federal law.  Johnson's claims against the Board of County Commissioners are based entirely upon the conduct of Deputy Freeman.

## II.

2

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994)

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review,

the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

Since Johnson has failed to respond to the Board's motion for summary judgment, he has confessed all facts asserted in defendant's motion. Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002). The Court must still evaluate defendant's submission, however, to determine if it has met its initial burden of demonstrating that no genuine issue of material fact still remains for trial and it is entitled to judgment as a matter of law. Id. If it has not, summary judgment is not appropriate, for "no defense to an insufficient showing is required." Id.

### III.

Defendant claims that it may not be held liable under section 1983 for the actions of Deputy Freeman since Johnson has provided no evidence of an official Board policy pursuant to which Deputy Freeman acted when he committed the acts alleged.

Title 42, section 1983 provides, in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. §1983. It is well-settled law that a governmental entity may not be held liable solely because it employs a tortfeasor--that is, a governmental body may not be held responsible under a respondeat superior theory of liability. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under [section] 1983." Id. at 694.

4

Assuming, arguendo, that Deputy Freeman's actions were taken in violation of Johnson's federal rights, there is no evidence in the record from which this Court could conclude that the officer acted pursuant to an official policy of the Board of Commissioners. See Meade v. Grubbs, 841 F.2d 1512, 1528 (10th Cir. 1988) (holding that county commissioners could not be held liable under section 1983 unless commissioners were affirmatively linked with the alleged assault). This conclusion is bolstered by the fact that the Board has no apparent control over police department policy under Oklahoma law. Board responsibilities are defined by statute, see Okla. Stat. tit.19, § 339, and are to be strictly construed, e.g., Allen v. Board of Commissioners of Pittsburgh County, 116 P. 175, 175 (Okla. 1911). Nowhere in the statutory framework outlining its powers is the Board permitted to articulate policy and procedures for police officers. Under Oklahoma law, it is, in essence, impossible for the Board of County Commissioners to exercise the control necessary to hold the Board liable under section 1983 for the actions of deputy police officers. See Jantzen v. Board of County Commissioners of Canadian County, 188 F.3d 1247, 1259 (10th Cir. 1999) (upholding grant of summary judgment for Board of County Commissioners on section 1983 claim when record indicated that board had no control over sheriff or police department).

In view of the complete absence of evidence of a Board policy guiding Deputy Freeman's conduct or, in fact, any evidence of Board control over police policy, this Court has no choice but to grant defendant's motion for summary judgment as to Johnson's claim under 42 U.S.C. § 1983. Celotex, 477 U.S. at 325 (noting that burden on party moving for summary judgment is discharged "by showing--that is pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case"). Defendant's motion for summary judgment as to plaintiff's claim under section 1983 is, therefore, granted.

**IV.**

As to Johnson's claim for the state tort of false arrest,[1] the Board claims that Johnson has failed to establish that Deputy Freeman acted without probable cause and, therefore, Johnson's claim of false arrest is without merit.

The Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 153, is the exclusive remedy for tort actions against the state of Oklahoma and its political subdivisions. <u>Curtis v. Board of Education of Sayre Public Schools</u>, 914 P.2d 656, 658 (Okla. 1995).  It provides  in relevant part:

> The state or a political subdivision[2] shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act . . . The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.

<u>Id.</u> at § 153(A).  The Act defines "scope of employment" as "performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority."  <u>Id.</u> at § 152(9). The Board does not argue that Deputy Freeman acted outside the scope of his employment when arresting plaintiff.  Rather, the Board claims that Deputy Freeman's arrest of Johnson was supported by probable cause and may not, then, constitute the tort of false arrest.

_____

[1]    Plaintiff's complaint also refers to false imprisonment.  False imprisonment occurs when "detention is purely a matter between private persons for a private end, and there is no intention of bringing the person detained to court, or of otherwise securing the administration of the law."  <u>Roberts v. Goodner's Wholesale Foods, Inc.</u>, 50 P.3d 1149, 1152 n.3 (Okla. Civ. App. 2002).  This claim for relief is not applicable to the facts of this case.

[2]    The Act includes counties within its definition of "political subdivision."  Okla. Stat. tit. 51, § 152(8)(c).

6

An arrest without probable cause is a false arrest.  See, e.g., Roberts v. Goodner's Wholesale Foods, 50 P.3d 1149, 1151-52 (Okla. Civ. App. 2002); Overall v. State ex rel. Dep't of Public Safety, 910 P.2d 1087, 1091 (Okla. Civ. App. 1995) ( "An arrest, with or without a warrant, cannot be valid unless the officer has reason to believe a crime has been or is being committed, which is the probable cause required to effect a valid arrest.").  In an action for false arrest, the plaintiff bears the burden of establishing a lack of probable cause.  Roberts, 50 P.3d at 1152.  Probable cause is defined as "'reasonable cause' or 'an honest suspicion or belief' . . . founded upon facts sufficiently strong to warrant the average person in believing the charge to be true . . . ."  Id.  Good faith is not enough to constitute probable cause; the officer's judgment must be grounded on facts which in the judgment of the court would make his faith reasonable.  Castellano v. State, 585 P.2d 361, 366 (Okla. Crim. App. 1978).  The existence of probable cause is a complete defense to a claim of false arrest.  Roberts, 50 P.3d at 1152.[3]

The evidence in the summary judgment record provides the following uncontested narrative relating to the events leading up to plaintiff's arrest.  After stopping Jones and Johnson and asking Jones to exit the car, Deputy Freeman utilized a drug-sniffing dog, which detected the presence of narcotics at three locations around the car, including the passenger side door.  Deputy Freeman affied that he noticed the smell of an intoxicating beverage when Johnson stepped out of the car and that Johnson appeared to have difficulty walking when Freeman instructed Johnson to wait at the

---

[3]     Oklahoma law provides that a peace officer may arrest an individual without a warrant when the individual has committed a felony either in or out of the officer's presence. Okla Stat. tit. 22, § 196 (1)-(4).  Both of the offenses for which plaintiff was arrested--public intoxication and possession of marijuana--are misdemeanors, see Okla. Stat. tit. 37, § 8 (public intoxication) and Okla. Stat. tit. 63, § 2-402(B)(2)(possession of marijuana), so this provision is inapplicable to the present case.

front of his patrol car.  As Johnson and Jones waited, Deputy Freeman searched the car where he found seeds, leaves, and stems, which he associated with marijuana, throughout the car and a "blunt" cigar.  Freeman also testified that he discovered a bottle of alcohol during his search of the car. Even construing this record in the light most favorable to plaintiff, the Court has no difficulty holding that probable cause existed for Deputy Freeman to arrest Johnson for both public intoxication and possession of marijuana.  See Tomlin v. State, 869 P.2d 334, 339 (Okla. Crim. App. 1994) ("[A] peace officer may make a warrantless arrest for a misdemeanor based on his personal observations at the time, as long as the observations amount to probable cause for arrest.").

The Court holds that in light of the evidence before it, Deputy Freeman's arrest of plaintiff was made with probable cause and that plaintiff's claim of false arrest against the Board of County Commissioners is without merit.  Defendant Board's motion for summary judgment as to plaintiff's claim for false arrest is, therefore, granted.

## V.

For the above reasons, defendant's motion for summary judgement (Dkt. # 15) as to all of plaintiff's claims is hereby **granted**.  A separate judgment will be entered.

**DATED** this 26th day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT