**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **TERRANCE DEON JOHNSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 04-CV-0831-CVE-PJC |
| | ) |
| **BOARD OF COUNTY** | ) |
| **COMMISSIONERS OF THE** | ) |
| **COUNTY OF NOWATA, and** | ) |
| **DEPUTY KENNY FREEMAN,** | ) |
| | ) |
|     **Defendants.** | ) |

**OPINION AND ORDER**

Now before the Court is the Motion for Summary Judgment and Brief in Support (Dkt. # 16) filed by defendant Deputy Kenny Freeman. Plaintiff, Terrance Deon Johnson ("Johnson"), brings this action pursuant to 42 U.S.C. § 1983, claiming that Deputy Freeman arrested him in violation of his constitutional rights. Plaintiff also seeks to hold Deputy Freeman liable for the state law tort of false arrest.

**I.**

This action arises out a traffic stop that resulted in plaintiff's arrest on November 13, 2003. Deputy Kenny Freeman (" Deputy Freeman") stopped a vehicle in which Johnson was a passenger after the driver of the vehicle failed to come to a complete stop at a stop sign. Upon approaching the vehicle, Deputy Freeman detected a strong odor of cologne inside the stopped car. He asked the driver, Patrick Jones ("Jones"), to step out of the car and accompany Deputy Freeman to his patrol car so that he could issue Jones a citation. Deputy Freeman's suspicions were initially raised by the behavior of Jones, who insisted he had done nothing wrong, displayed signs of nervousness, and backed away from Deputy Freeman, even after he was assured he was only receiving a traffic

citation. Suspicions aroused, Deputy Freeman informed Jones that he was going to have a drug-sniffing dog circle the car and proceeded to do so. The dog alerted the officer to the presence of drugs at three different locations within the vehicle. Deputy Freeman then asked Johnson to step out of the car. When Johnson exited the vehicle, Deputy Freeman noticed that Johnson was unsteady on his feet and detected the smell of an intoxicating beverage coming from Johnson. Deputy Freeman requested permission to search Johnson's person, and Johnson consented to the search. Upon completing the search, Deputy Freeman directed Johnson to go to the front of the deputy's patrol car. He observed that Johnson had difficulty walking to the front of the patrol car. While conducting an interior search of the car, Deputy Freeman discovered seeds, stems, and residue, which he identified as parts of a marijuana plant. Deputy Freeman also found a "blunt" cigar, still warm, in the ashtray of the vehicle. Based on previous experience and the other items in the car, Deputy Freeman concluded that the blunt cigar had likely been used to smoke marijuana. Deputy Freeman also testified that he found a bottle of alcohol inside the car. Deputy Freeman placed both Johnson and Jones under arrest. The offense reports filed with the Nowata Sheriff's Office state that Johnson was arrested for public intoxication and possession of marijuana.

Johnson originally filed this action in the District Court for Nowata County, Oklahoma. He alleges that Deputy Freeman arrested him without probable cause and with malice and reckless disregard for his civil rights, in violation of both state and federal law.

**II.**

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986);

Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317. "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994)

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

Since Johnson has failed to respond to Deputy Freeman's motion for summary judgment, he

has confessed all facts asserted in defendant's motion. Murray v. City of Tahlequah, 312 F.3d 1196, 1200 (10th Cir. 2002). The Court must still evaluate defendant's submission, however, to determine if Deputy Freeman has met his preliminary burden of demonstrating that no genuine issue of material fact still remains for trial and that he is entitled to judgment as a matter of law. Id. If Deputy Freeman has not met this burden, summary judgment is not appropriate, for "no defense to an insufficient showing is required." Id.

### III.

Deputy Freeman claims qualified immunity from suit under 42 U.S.C. § 1983 for the alleged violations of Johnson's constitutional rights.

Qualified immunity, also known as good faith immunity, is an affirmative defense that must be plead by a defendant. Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982). Government officials performing discretionary functions are generally shielded from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow, 457 U.S. at 818.

Once a defendant has plead qualified immunity, the plaintiff must carry a "heavy two-part burden" to proceed with suit. Albright v. Rodriguez, 51 F.3d 1531, 1534 (10th Cir. 1995) First, plaintiff must establish that the defendant's actions violated a constitutional or statutory right. Id.; Holland ex rel. Overdorff v. Harrington, 268 F.3d 1179, 1185 (10th Cir. 2001). If plaintiff makes that initial showing, he or she must demonstrate that the constitutional or statutory right alleged to be violated was clearly established at the time of the conduct at issue. Albright, 51. F.3d at 1534; Oliver v. Woods, 209 F.3d 1179, 1185 (10th Cir. 2000). If a plaintiff fails to carry either part of the two-part burden, the defendant is entitled to qualified immunity. Albright, 51 F.3d at 1535. In the

summary judgment context, only if the plaintiff succeeds in meeting both prongs of the test for qualified immunity does the burden shift to a defendant claiming immunity to show that there are no genuine issues of material fact remaining for trial. Id.

The Court begins by addressing the threshold question of whether, taken in the light most favorable to Johnson, the facts alleged demonstrate Deputy Freeman violated a constitutional right. Although plaintiff's amended complaint makes no mention of a specific constitutional right and no response has been filed to defendant's motion for summary judgment, the Court gleans from the facts of the case and the claims raised that Johnson alleges a violation of his Fourth Amendment right to be free from unreasonable seizures. The constitutionality of a warrantless arrest is reviewed under the probable cause standard. Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1995). "A warrantless arrest is lawful under the Fourth Amendment if there is probable cause to believe that the person arrested has committed an offense." Tanberg v. Sholtis, 401 F.3d 1151, 1159 (10th Cir. 2005). Probable cause exists for an arrest if "facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense." Id.; Olsen v. Layton Hills Mall, 312 F.3d 1304, 1312 (10th Cir. 2002) ; Romero, 45 F.3d at 1476.

The evidence in the summary judgment record provides the following uncontested narrative relating to the events leading up to plaintiff's arrest. After stopping Jones and Johnson and asking Jones to exit the car, Deputy Freeman utilized a drug-sniffing dog, which detected the presence of narcotics at three locations around the car, including the passenger side door. Deputy Freeman affied that he noticed the smell of an intoxicating beverage when Johnson stepped out of the car and that Johnson appeared to have difficulty walking when Freeman instructed Johnson to wait at the

5

front of his patrol car. As Johnson and Jones waited, Deputy Freeman searched the car where he found seeds, leaves, and stems, which he associated with marijuana, throughout the car and a "blunt" cigar. Freeman also testified that he discovered a bottle of alcohol during his search of the car. Even construing this record in the light most favorable to plaintiff, the Court has no difficulty holding that probable cause existed for Deputy Freeman to arrest Johnson for both public intoxication and possession of marijuana.

Since the Court holds that the actions taken by Deputy Freeman were not in violation of a constitutional right, it need not proceed to the second prong of the test governing immunity, that is, whether the violation occurred in violation of clearly established law. Defendant Deputy Kenny Freeman is entitled to qualified immunity from suit on plaintiff's claim pursuant to 42 U.S.C. § 1983, and defendant's motion for summary judgment on that ground is, therefore, granted.

## IV.

Defendant argues that he is entitled to summary judgment on Johnson's state tort claims[1] because he is not a proper party for suit under the Oklahoma Governmental Tort Claims Act ("GTCA"), Okla. Stat. tit. 51, § 153.

The GTCA is the exclusive remedy for tort actions against the state of Oklahoma, its political subdivisions, or their employees. Okla. Stat. tit. 51, § 153(B); Curtis v. Board of Education of Sayre Public Schools, 914 P.2d 656, 658 (Okla. 1995). It provides in relevant part:

---

[1] Plaintiff's complaint refers to false arrest and false imprisonment. False imprisonment occurs when "detention is purely a matter between private persons for a private end, and there is no intention of bringing the person detained to court, or of otherwise securing the administration of the law." Roberts v. Goodner's Wholesale Foods, Inc., 50 P.3d 1149, 1152 n.3 (Okla. Civ. App. 2002). This claim for relief is not applicable to the facts of this case.

> The state or a political subdivision[2] shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act . . . The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.

Id. at § 153(A).  The Act defines "scope of employment" as "performance by an employee acting in good faith within the duties of the employee's office or employment or of tasks lawfully assigned by a competent authority."  Id. at § 152(9).  Suits falling under the GTCA must name as the defendant the state or political subdivision against whom liability is sought to be established.  Id. at § 163(C).  It provides, " In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as defendant . . . ."  Id.

The language of the GTCA makes clear that an employee of a political subdivision who has acted in good faith may not be named as a defendant in an action for tort liability.  There is no evidence in the instant case that Deputy Freeman acted outside the scope of his employment, that is, in bad faith, in arresting Johnson.  Absent such evidence, Deputy Freeman is not a proper party to plaintiff's action.  Defendant's motion for summary judgment as to Johnson's state law tort claims is, therefore, granted.

### V.

For the above reasons, defendant's motion for summary judgement (Dkt. # 16) as to all of plaintiff's claims is hereby **granted**.  A separate judgment will be entered.

**DATED** this 26th day of August, 2005.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2]   The Act includes counties within its definition of "political subdivision."  Okla. Stat. tit. 51, § 152(8)(c).

7